IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS J. BROWN,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6300 |
| | : | |
| **GERARD DETOX & DRUG &** | : | |
| **ALCOHOL,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                          **DECEMBER 2, 2024**

Currently before the Court is a Complaint filed by Plaintiff Demetrius J. Brown against four rehabilitation facilities—Gerard Detox & Drug & Alcohol; Malvern Detox Center; KirkBride Center; and Keystone Center—that he claims declined to accept him for drug and alcohol rehabilitation treatment in violation of the Americans with Disabilities Act ("ADA"). Brown seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

Brown alleges that on November 24, 2024, at 9:00 a.m., he was admitted to a local emergency room for having suicidal thoughts and then transferred to Episcopal Crisis Response Center. (Compl. at 4.) He was placed under doctors' observation for twenty-four hours. (*Id.*) At the end of that observation period, Brown informed doctors that he was no longer suicidal and expressed his desire to be treated for drug and alcohol abuse. (*Id.* at 4-5.) A Certified Recovery

---

[1] The factual allegations are taken from the Complaint and assumed to be true for purposes of this Memorandum. (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Specialist, Arthur Stewart, informed Brown that he was going to call the Defendant-rehabilitation facilities to find a place where Brown could be treated.  (*Id.* at 5.)  Brown had a telephone interview with at least one of those facilities, Keystone, during which he claims to have answered questions "effectively so that [he] could receive help with [his] drug & alcohol addiction."  (*Id.*)

Stewart subsequently informed Brown that the Defendant-rehabilitation facilities "[would] not accept [him] because of [his] past suicidal history."  (*Id.*)  Brown expressed confusion in response, noting that he had completed the observation period and that he was no longer feeling suicidal.  (*Id.*)  He contends that the denial of placement at these facilities constitutes "discrimination towards [his] mental health" and asserts that he "should not be denied treatment based upon [his] past mental health history."  (*Id.*)  Brown seeks $1 million in damages for discrimination based on his mental health.  (*Id.* at 6.)

## II.     STANDARD OF REVIEW

The Court grants Brown leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter*

*v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

**III.   DISCUSSION**

The Court understands Brown to be asserting claims under Title III of the ADA, which prohibits places of public accommodation from discriminating against individuals with disabilities in connection with goods, services, facilities, privileges, advantages or accommodations. 42 U.S.C. § 12182(a); *see Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."). To state a claim under Title III of the ADA, a plaintiff must plausibly allege that: (1) he has a disability; (2) the defendant is a public accommodation within the meaning of the statue; and (3) he was denied goods, services, facilities, privileges, advantages or accommodations due to discrimination based on his disability, which can include failure to reasonably accommodate his disability. *See Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019); *Douris v. Dougherty*, 192 F. Supp. 2d 358, 368 (E.D. Pa. 2002).

A plaintiff is disabled for purposes of the ADA if he (1) has a "physical or mental impairment that substantially limits one or more" of his "major life activities";[2] (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citing 42 U.S.C. § 12102(1)). Public accommodations include a "professional office of a health care provider, hospital, or other service establishment." *See* 42 U.S.C. § 12181(7)(F). Discrimination under Title III encompasses, among other things, "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered." 42 U.S.C. § 12182(b)(2)(A)(i).

However, only injunctive relief is available to a private plaintiff suing under Title III of the ADA, meaning monetary relief is not available. 42 U.S.C. § 12188(a); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages."); *see also Abadi v. Target Corp.*, No. 23-1050, 2023 WL 4045373, at *2 (3d Cir. June 16, 2023) ("Title III of the ADA, which prohibits discrimination on the basis of disability in public accommodations, only provides for injunctive relief." (citation omitted)). This means Brown's Complaint, which requests $1 million in damages for disability discrimination, seeks relief that is unavailable to him under the relevant statutory framework. Accordingly, the Court will dismiss Brown's Complaint because it seeks relief to which he is not entitled as a matter of law.

---

[2] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim for damages under Title III of the ADA. Brown cannot cure the defect in his Complaint, so he will not be given leave to amend. However, in consideration of Brown's *pro se* status, the Court will dismiss this case without prejudice. An Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

/s/ Chad F. Kenney
**CHAD F. KENNEY, J.**